FILED
2015 Dec-03  AM 11:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN  DIVISION

| | |
|---|---|
| **MICHAEL WAYNE TURNER,** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| **v.** | ] |
| | ] **CV-15-BE-1202-S** |
| **AMICO, a GIBRALTAR COMPANY,** | ] |
| | ] |
| **Defendant.** | ] |
| | ] |
| | ] |

## MEMORANDUM OPINION

This case, filed by a *pro se* Plaintiff, asserts claims of employment discrimination, and is before this court on Defendant's "Motion to Dismiss Second Amended Complaint." (Doc. 10). The Plaintiff failed to respond to the motion by October 23, 2015, the deadline provided in the court's briefing schedule on the motion to dismiss (doc. 11), and failed to respond by the November 12, 2015 deadline stated in the court's subsequent order warning the Plaintiff that the case may be dismissed and giving him one more opportunity to respond (doc. 12).  For the reasons stated in this Memorandum Opinion, the court will GRANT the motion.

## I. PROCEDURAL BACKGROUND

On July 17, 2015, the Plaintiff, Michael Wayne Turner, filed a Complaint against his employer, Alabama Metal Industries Corporation ("AMICO"), alleging employment discrimination based on age, race, and retaliation in violation of Title VII.   The facts stated in the Complaint were very brief: "A similar situation of white employees have been allowed to keep

chairs in their work areas without being disciplined. . . . was it accurate for my chair to be taken from me which I have since my first day of employment with the company, and white employee [sic] keep theirs."  (Doc. 1, at 3). The Complaint did not refer to or attach an EEOC charge or right to sue letter or otherwise allege that he had satisfied the administrative prerequisites for a Title VII suit.

On August 12, 2015, AMICO filed a motion to dismiss, referring to a lawsuit that Turner had filed against AMICO a few months earlier, on March 9, 2015, Case 2:15-CV-00406-AKK. In effect, AMICO asked in the motion to dismiss for the court to take judicial notice of the filings in that earlier lawsuit, including the information Turner stated under penalty of perjury in his application under § 706(f) of the Civil Rights Act of 1964 and the documents attached to that application, his  EEOC charge and Right to Sue letter.   Given the information in those filings, the original  motion to dismiss asserted that the instant suit's filing on July 17, 2015 was not timely as to the claims of race discrimination and retaliation alleged in the EEOC charge and the previous suit. Further, it asserted that the Plaintiff failed to exhaust the administrative prerequisites for an Age Discrimination in Employment Act ("ADEA") claim, to the extent one was asserted. (Doc. 3).

On August 13, 2015, the court entered a Show Cause Order (doc. 6), ordering Turner to show cause in writing on or before August 27, 2015 why the court should not dismiss the action for the reasons set out in the Defendant's motion to dismiss.

On August 26, 2015, Turner filed an Amended Complaint (doc. 7), purportedly in response to the Show Cause Order, stating that AMICO had discriminated against him in 2009 when it failed to give him a pay increase and in April 15, 2014 when it suspended him for not

2

removing his chair from his work area.  Turner also referred to other undated acts of alleged discrimination and made vague references to filing "numerous EEOC charges" and grievances but did not mention receipt of Right to Sue letters and did not specifically allege that he had exhausted administrative prerequisites. As to the statutory basis of his claims, he asserted claims of discrimination based on race and retaliation in violation of Title VII; and age discrimination in violation of the ADEA.  This "response"/Amended Complaint did not address the arguments in the Defendants' motion to dismiss regarding the time bar, as the court had ordered.

On September 3, 2015, the court entered an order (doc. 8) finding the original motion to dismiss moot based on the filing of an Amended Complaint. Further, the court noted that Turner's "response" to the Show Cause Order did not answer the court's question why it should not dismiss because of the time bar.  The court stated that the acts of discrimination in the Amended Complaint that allegedly occurred in 2009 and April of 2014 (the latter addressed in the April 2014 EEOC charge) would appear to be time barred based on the filings in Case No. 15-CV-406-AKK, and that Turner failed to show cause to the contrary.  The court also stated that the response/Amended Complaint referred to additional undated discrimination but failed to reflect the required exhaustion of administrative remedies for those undated claims. Therefore, to avoid confusion and clarify the record, the court directed the plaintiff "to file the Second Amended Complaint on or before September 25, 2015 that sets forth the *dates* of the alleged discrimination, the dates of filing of any applicable EEOC charges and receipt of Right to Sue letters, and anything else required to state a claim under applicable law and these federal rules." (Doc. 8, at 3).

On September 25, 2015, Turner filed his second Amended Complaint stating as follows:

3

> I Michael Wayne Turner.  Back in 2009 I had a large Left indirect inguinal hernia.  In 2014 the same left hernia is back.  This is a Disabilities under Title VII of the Civil Rights Act the Americans with Disabilities Act (ADA) the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA)!

(Doc. 9, at 1). Turner also attached medical records dated from 2009 reflecting that Turner was treated for a large left indirect inguinal hernia and records from 2015 indicating that his left inguinal hernia recurred and that he was receiving treatment for the resulting generalized abdominal pain.  (Doc. 9, at 3-6).  Turner did not make clear, in filing the second amended complaint, whether he intended this version to replace the previous complaint and amended complaint or simply to add to them.

On October 1, 2015, AMICO filed a motion to dismiss the second Amended Complaint, noting that Turner referred only to his hernia condition that first occurred in 2009 and returned in 2014, and that he has not alleged that he timely filed an EEOC charge regarding this medical condition or the undated acts of discrimination referenced in his first amended complaint.  Further, AMICO incorporated by reference the arguments set forth in its original motion to dismiss regarding the claim about his discipline in April of 2014.  (Doc. 10).

The court entered an order setting a briefing schedule on this motion to dismiss, requiring Turner to file a response by October 23, 2015.  Turner did not file a response by that deadline.

On November 2, 2015, the court entered another order, noting that the Defendant's motion to dismiss requested, in effect, that this court take judicial notice of the EEOC Charge and Right to Sue Letter that Plaintiff filed in a previous case, Case No. 15-CV-00405-AKK, and further, providing the Plaintiff with an opportunity to be heard pursuant to Rule 201(e) of the Federal Rules of Evidence on the propriety of taking judicial notice of those documents and the nature of the facts

4

to be noticed.  The court advised the Plaintiff that by the deadline of November 12, 2015,[1] he must

respond to the court's order regarding the judicial notice issue and regarding the exhaustion of

administrative prerequisites and the requested dates of the alleged discriminatory acts, and warned

the Plaintiff that if he did not respond, the court would dismiss those claims.  The Plaintiff did not

respond by the November 12, 2015 deadline.

## II.  LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint.   The

motion to dismiss in the instant case attacks the sufficiency of the Second Amended Complaint

filed by a *pro se* Plaintiff.  Although the court is required to show leniency to a *pro se* plaintiff's

pleadings, his complaint is still "subject to the relevant law and rules of court, including the

Federal Rules of Civil Procedure." *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989).  *Pro se*

complaints must "comply withe the procedural rules that govern pleadings." *Beckwith v. Bellsouth

Telecomms. Inc.*, 146 Fed. Appx. 368, 371 (11th Cir. 2005).

Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a

short and plain statement of the claim' that will give the defendant fair notice of what the

plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957)

(quoting Fed. R. Civ. P. 8(a)).  A plaintiff must provide the grounds of his entitlement, but Rule 8

generally does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555 (2007) (quoting *Conley*, 355 U.S. at 47).   It does, however, "demand[ ] more than an

unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662,

---

[1] The court advised the Plaintiff that if he chose to mail his responses, he must do so in time for the responses to be received by the court on November 12, 2015.

678 (2009).

The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting and explaining its decision in *Twombly*, 550 U.S. at 570). To be plausible on its face, the claim must contain enough facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The Supreme Court has recently identified "two working principles" for the district court to use in applying the facial plausibility standard. The first principle is that, in evaluating motions to dismiss, the court must assume the veracity of well-pleaded factual allegations; however, the court does not have to accept as true legal conclusions even when "couched as [] factual allegation[s]" or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. The second principle is that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. Thus, under prong one, the court determines the factual allegations that are well-pleaded and assumes their veracity, and then proceeds, under prong two, to determine the claim's plausibility given the well-pleaded facts. That task is "context-specific" and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense. . . to infer more than the mere possibility of

6

misconduct." *Id.*  If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claim must be dismissed.  *Id*.

### IIII.  DISCUSSION

*Pro se* complaints present challenges to the court and opposing attorneys addressing them, as they struggle to decipher what legal theories plaintiffs without legal training are attempting to assert.  The complaints in the instant case are particularly perplexing because Turner filed three pleadings—a complaint, and two subsequent documents entitled "Amended Complaint"—but he did not make clear whether the information in these amendments are *adding to* or *replacing* the information in the previous complaints.  In light of Turner's *pro se* status and in an abundance of caution, the court will give Turner the most lenient reading and assume that the amendments are *additions* to his first complaint, and will read all three documents together as one.  Although the court recognizes that Turner may have meant for the second amended complaint to replace the others, that view would mean that Turner abandoned claims asserted in his previous complaint and amended complaint, and, without clearer direction from this *pro se* Plaintiff, the court does not assume abandonment.

Therefore, the court reads the three complaints as asserting the following claims: race discrimination and age discrimination based on April 2014 suspension for failure to remove a chair brought pursuant to Title VII; April 2014 retaliation for having filed a charge of discrimination brought pursuant to Title VII; undated discrimination in failure to accommodate after hernia surgery; 2009 discrimination based on the failure to receive a raise; undated race and age discrimination and retaliation occurring when employees who were not members of a protected age were allowed to run jobs in his department that he could have performed after his job was shut

7

down; undated harassment by supervisor Smallwood who denied him vacation days despite his eligibility and denied him the overtime work he desired;  2014 violation of the ADA based on failure to accommodate his disability with light duty after a hernia recurrence; 2014 violation of the Genetic Information Nondiscrimination Act (GINA) based on a hernia recurrence; and 2014 violation of the Age Discrimination in Employment Act (ADEA) based on a hernia recurrence.

### A.  Failure to Exhaust Administrative Remedies in Cases Brought Pursuant to Title VII, the ADA, the ADEA, and GINA

Before bringing suit pursuant to Title VII, the ADA, the ADEA, and GINA, a plaintiff must exhaust his administrative remedies, including filing a timely EEOC charge.  *See* 42 U.S.C. § 2000e-5(b) (Title VII); 42 U.S.C. § 12117(a) (ADA); 42 U.S.C. § 2000ff-6 (GINA); 29 U.S.C. § 626 (d)(1) (ADEA); *see also  Forehand v. Fla. State Hosp. at Chattahoochee,* 89 F. 3d 1562, 1567 (11th Cir. 1996) (Title VII); *Abram v. Fulton Cnty. Gov't,* 598 Fed. Appx. 672, 675-76 (11th Cir. 2015) (ADA); *Jones v. Dillard's, Inc.,* 331 F.3d 1259, 1263 (11th Cir. 2003) (ADEA) (file charge within 180 days of discriminatory act in Alabama federal court).  When exhaustion of administrative remedies is a condition precedent to bringing suit, "a plaintiff must generally allege in his complaint that 'all conditions precedent to the institution of the lawsuit have been fulfilled.'" *Jackson v. Seaboard Coast Line R.R. Co.,* 678 F.2d 992, 1010 (11th Cir. 1983) (addressing a Title VII complaint and quoting Fed. R. Civ. P. 9(c)).

In the instant case, *none* of Turner's three complaints contained a general allegation that all conditions precedent had been fulfilled, nor did he say either that he had exhausted his administrative remedies, or that he had timely filed an EEOC charge encompassing the discriminatory and/or retaliatory acts.  Although Turner is *pro se,* his complaint is still "subject to

the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon,* 863

F.2d at 837.

Indeed, Turner cannot claim ignorance of the need to include such allegations, as AMICO

stated that requirement in its first motion to dismiss (doc. 3, at 3 ¶ 8).  Turner has amended his

complaint twice since then, but failed to include the required allegations about conditions

precedent in those amended complaints.

In its subsequent order dated September 3, 2015, the court noted AMICO's reference to the

EEOC Charge and Right-to-Sue Letter that Turner attached to his pleading in *another* related case,

and this court stated:

> The Plaintiff fails to refer to subsequent EEOC Charges and Right to Sue letters that
> would reflect the required exhaustion of administrative remedies for subsequent
> claims under Title VII.   Thus, on the face of the Amended Complaint, the Plaintiff
> has failed to properly plead his case . . . .[T]he court DIRECTS the Plaintiff to file
> the Second Amended Complaint on or before September 25, 2015 that sets for the
> *dates* of the alleged discrimination, the dates of filing of any applicable EEOC
> charges and receipt of Right to Sue letters, and anything else required to state a claim
> under applicable law and these federal rules.

(Doc. 8, at 2-3).  In defiance of that order, in his second Amended Complaint, Turner failed to state

the dates of any EEOC charges and the dates of the receipt of Right to Sue letters, or otherwise

allege that he had satisfied the condition precedent to filing these discrimination claims under Title

VII, the ADA, GINA or ADEA.  Accordingly, the court entered another order giving Turner one

more opportunity to comply by November 12, 2015 with the court's order regarding, among other

things, exhaustion  of administrative prerequisites to suit.  The court warned Turner that if he did

not comply, the court would dismiss such claims.  (Doc. 12, at 2-3).  Turner did not comply with

that order, either.

Therefore, the court FINDS that claims in the instant suit brought pursuant to Title VII, ADA, GINA, and ADEA are all due to be DISMISSED for failure to state a claim, because they fail to allege that the conditions precedent of exhaustion of administrative remedies are met; they fail to satisfy Rule 9(c) of the Federal Rules of Civil Procedure and otherwise fail to state a claim as a matter of law as required by Rule 12(b)(6).

### *1. Dismissal: With or Without Prejudice*

In light of Turner's *pro se* status, the court will dismiss some of Turner's claims *without* prejudice. However, dismissal *with* prejudice is appropriate if granting leave to amend would be futile. "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks,* 510 F.3d 1307, 1310 (11th Cir. 2007).

For the reasons stated below, the court finds to be futile any amendment of claims for race discrimination and retaliation based on Turner's April 15, 2014 suspension for not removing a chair from his work area. The complaint and first amended complaint asserted such claims, and AMICO argued that they were barred as untimely. Indeed, AMICO advised the court that Turner had filed a previous suit in this district based on those claims and filed an application under 706(f) of the Civil Rights Act of 1964 and EEOC documents in that earlier suit showing that the filing of those same claims in the instant suit was untimely as a matter of law. Because Turner filed those documents in another lawsuit, the court next addresses those filings in the context of judicial notice and judicial estoppel.

10

### a. *Judicial Notice*

In its motion to dismiss[2] AMICO asks, in effect, that the court take judicial notice of documents that Turner filed in another related case against AMICO, Case no. 15-CV-00406-AKK, dismissed without prejudice earlier this year.  Rule 201 of the Federal Rules of Evidence provides in pertinent part as follows:

> (b) **Kinds of Facts That May Be Judicially Noticed.**  The court may judicially notice a fact that is not subject to reasonable dispute because it
> > (1) is generally known within the trial court's territorial jurisdiction; or
> > (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
>
> (c) **Taking Notice.**  The court:
> > (1) may take judicial notice on its own; or
> > (2) must take judicial notice if a party requests it and the court is supplied with the necessary information.
>
> (e) **Opportunity to be Heard**.  On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the case fact to be noticed.  If the court takes judicial notice before notifying the party, the party, on request, is still entitled to be heard.

Fed. R. Evid. 201 (1975).

The court advised the Plaintiff that the Defendant was, in effect, asking that it take judicial notice of the filings in the previous case, and it gave the Plaintiff an opportunity to be heard pursuant to Rule 201(e), but the Plaintiff did not respond.

The Eleventh Circuit has explained that a court may take judicial notice of filings in court cases under Rule 201(b)(2)  of the Federal Rules of Evidence.  *Cunningham v. District*

---

[2] This motion incorporates by reference the arguments in the motion to dismiss the original complaint (doc. 3) regarding the Plaintiff's failure to timely pursue and exhaust his administrative remedies, arguments that referred to the documents filed in Case No. 15-CV-00406-AKK:  the EEOC Charge, the Right to Sue Letter, and the Plaintiff's filing stating the date of his receipt of the Right to Sue Letter.

11

*Attorney's Office for Escambia Cnty.,* 592 F.3d 1237, 1255 (11th Cir. 2010) (taking judicial notice of state and federal court proceedings in which the plaintiff was convicted or challenged the conviction); *see Moore v. Estelle,* 526 F.2d 690, 694 (5th Cir. 1971)[3] (stating "we take judicial notice of prior habeas proceedings brought by this appellant in connection with the same conviction ... even when the prior state case is not made part of the record on appeal ....").

In addressing whether a court properly takes judicial notice of the nature or substance of court filings and other legal documents, the Eleventh Circuit has distinguished between taking judicial notice of the *fact* that court records or court rulings *exist* versus taking judicial notice of the *truth* of matters stated within those court records or court rulings. The Court of Appeals explained that

> "a court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." Accordingly, a court may take notice of another court's order only for the limited purpose of recognizing the "judicial act" that the order represents or the subject matter of the litigation.

*United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (citations omitted) (quoting *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992) (internal quotation marks omitted)).

Having first given the Plaintiff an opportunity to be heard regarding judicial notice, the court TAKES JUDICIAL NOTICE of the of the fact that the following court records and court rulings exist:

• The Plaintiff, Michael Turner, filed in a previous case, *Turner v. AMICO,* Case No. 15-

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(*en banc*), the Eleventh Circuit adopted as precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

CV-00406 (doc. 1) (N.D. Ala. 2015 filed Mar. 11, 2015), an "Application under Section 706(f)" containing the signature of Michael Turner dated 3/8/2015 below the words in bold "**Attestation and Signature, Under penalty of perjury I declare that the information given on the preceding 14 pages is true and correct.**"; stating that Turner had filed with the EEOC a Charge, which he attached to the application; and further, stating that Turner had "received from the EEOC a letter notifying [him] of [his] right-to-sue respecting such Charges ... [on] Dec. 27, 2014," which he also attached to the application.  *Turner v. AMICO,* No. 15-CV-00406, doc. 1 (N.D. Ala. filed Mar. 11, 2015).

• The EEOC Charge that Turner attached to the application in *Turner v. AMICO,* Case No. 15-CV-00406 (doc. 1) (N.D. Ala. 2015 filed Mar. 11, 2015) was one he filed against AMICO dated April 16, 2014 and stated in pertinent part  as follows:

> I am Black.... Management has assigned me additional duties not listed in my job analysis, which I protested.  On March 11, 2014, I received a Written Reprimand for not filling out a data sheet.  I was suspended without pay on April 15, 2014, for not removing a chair out of my work area, which I protested.  I am scheduled to return to work on April 21, 2014.
>
> I believe that I am being discriminated against because of my race, black and in retaliation for having filed a previous charge, in violation of  Title VII of the Civil Rights Act of 1964 as amended.  Similarly situated white employees have been allowed to keep chairs in their work area without being disciplined.

*Id.*, doc. 1, at 10 (N.D. Ala. filed Mar. 11, 2015).

• In *Turner v. AMICO,* Case No. 15-CV-00406 (doc. 1, at 10) (N.D. Ala. 2015 filed Mar. 11, 2015), in the section of the Charge marked as "Discrimination Based On (Check appropriate box(es).)," the boxes for race and retaliation were checked but the boxes for age, disability or genetic information were not.   Above the signature of Michael Turner are the words: "I declare under penalty of perjury that the above is true and correct."

• In *Turner v. AMICO,* Case No. 15-CV-00406 (doc. 1, at 9) (N.D. Ala. 2015 filed Mar. 11, 2015), the right to sue notice that Turner attached contained the "Date Mailed" of "Dec 19 2014," and stated in part "Your lawsuit **must be filed <u>WITHIN 90 DAYS </u>of your receipt of this notice;** or your right to sue based on this charge will be lost."

•  On  June 11, 2015, the court in *Turner v. AMICO,* Case No. 15-CV-00406 (N.D. Ala. 2015 filed Mar. 11, 2015) dismissed that case without prejudice because Plaintiff had failed by the April 18, 2015 deadline to follow the court's order to file an amended

complaint.  *Id.* at  doc. 3.

### b. Judicial Estoppel

The Eleventh Circuit Court of Appeals has explained that "[j]udicial estoppel is an equitable doctrine invoked at the court's discretion, designed 'to protect the integrity of the judicial process.'" *Transamerica Leasing, Inc. v. Inst. of London Underwriters,* 430 F.3d 1326, 1335 (11th Cir. 2005) (quoting *New Hampshire v. Main,* 532 U.S. 742, 749 (2001)).  Courts have applied this doctrine "to prevent a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *Id.*  In determining whether the doctrine of judicial estoppel applies, the Eleventh Circuit examines two factors: "first, it must be established that the allegedly inconsistent positions were made under oath in a prior proceeding; and, second, the inconsistencies must have been calculated to make a mockery of the judicial system." *Id.*

This court has taken judicial notice that in a previous case  Turner filed documents in which he stated under penalty of perjury that he had filed an EEOC Charge against AMICO for race discrimination and retaliation based upon the company's refusal to allow him to keep a chair in his work area; that he had attached a copy of that EEOC Charge; that he had attached the Right-to-Sue Letter based upon that Charge; and that he had received the Right-to-Sue Letter on December 27, 2014.  Regardless of whether the information in those documents is true, Turner filed them in the previous proceeding and attested that the information in the documents was true under penalty of perjury.

In the instant case, on July 17, 2015, more than 90 days after his receipt of the Right-to-Sue Letter, Turner filed this second suit against AMICO based in part on the same alleged *acts of*

14

*discrimination* alleged in the first: race discrimination[4] and retaliation based on the April 15,

2014 suspension for not removing his chair.  In light of his filings in the previous case, Turner is

judicially estopped from taking the positions that those EEOC documents filed in the first suit are

not correct and that he did not receive the Right-to-Sue Letter in December of 2014.

Accordingly, he is judicially estopped from arguing that the Title VII claims in the instant case

for race discrimination and retaliation based on the April 15, 2014 suspension are timely.  Any

such positions would be contrary to his filings under oath in the previous proceeding.  Further,

given the information provided to Turner and by Turner in those documents regarding exhaustion

of administrative remedies and deadlines, coupled with his failure to follow orders of this court,

the court concludes that the inconsistencies must have been calculated to "make a mockery" of

the judicial system.

Further, the timely filing of the previous case, Case No. 15-CV-00406-AKK, and its

dismissal without prejudice does not toll the deadline for filing the instant suit or otherwise allow

it to be filed outside the deadline.  *See Price v. Digital Equip. Corp.,* 846 F.2d 1026, 1027 (5th

Cir. 1988) (*per curiam*) (finding where the court dismissed the original Title VII suit for failure

to prosecute, the 90-day limitations period had not been tolled by timely filing of the first Title

VII action, and the second suit was time-barred); *see also Bost v. Fed. Express Corp.,* 372 F.3d

1233, 1242 (11th Cir. 2004) (stating in an ADEA case, where the employee filed a second

complaint outside the 90-day period:  "Dismissal of a complaint, without prejudice, does not

allow a later complaint to be filed outside the statute of limitations.").  "Although a court may

---

[4] The earlier lawsuit asserted claims of race discrimination and retaliation but not age
discrimination based on the April 2015 suspension.

equitably toll a limitations period, the plaintiff[ ] must establish that tolling is warranted." *Bost,* 32 F. 3d at 1242.   In addition, equitable tolling "'is an extraordinary remedy which should be extended only sparingly'" and is "inappropriate when a plaintiff did not file an action promptly or failed to act with due diligence." *Id.* (quoting *Justice v. United States,* 6 F.3d 1474, 1479 (11th Cir. 1993)).

In the instant case, Turner did not even allege that equitable tolling should apply and certainly did not allege the existence of extraordinary circumstances that would justify its application, despite having numerous opportunities to do so in the amended complaints filed after AMICO and the court pointed out the timeliness issues.

Therefore, the court FINDS that the application of judicial notice and judicial estoppel means that the claims for race discrimination and retaliation based on the April 15, 2014 suspension are time-barred.[5]   In light of those rulings, the court WILL DISMISS WITH PREJUDICE the Title VII claims in the instant case for race discrimination and retaliation based on the April 15, 2014 suspension.

### 2.  Conclusion

In sum, the court WILL DISMISS WITH PREJUDICE all claims for race discrimination and retaliation based on Turner's April 15, 2014 suspension for not removing a chair from his work area.  The court WILL DISMISS WITHOUT PREJUDICE all *other*  discrimination claims

---

[5] In the order dated September 3, 2015, the court stated that it "accepts the 'Amended Complaint' as timely filed pursuant to Rule 15[a](1)(B) of the Federal Rules of Civil Procedure." (Doc. 8, at 2).  That statement referred to the timeliness of the *amendment* pursuant to Rule 15, which requires filing amendments as a matter of course within 21 days after service of a motion under 12(b); that statement regarding timeliness did *not* refer to the timeliness of filing the lawsuit and did not state that the discrimination claims were not time-barred.

16

brought under  Title VII, the ADA, the ADEA, and GINA.  As an *alternative* ruling, the court WILL DISMISS WITHOUT PREJUDICE all *other* claims brought under Title VII, the ADA, the ADEA, and GINA for failure to prosecute based on Turner's repeated failing to comply with the court's orders of September 3, 2015 and November 2, 2015.

### B.  Other Claims, i.e., Those NOT Brought Pursuant to Title VII, the ADA, the ADEA, and GINA

This court acknowledges difficulty in interpreting the language in Turner's *pro se* complaints and in determining whether any claims remain after the dismissal of all claims brought pursuant to Title VII, the ADA, the ADEA, and GINA.  Given that difficulty, the court ordered Turner to file an amended complaint or to otherwise provide information setting forth "the *dates* of the alleged discrimination, the dates of filing of any applicable EEOC charges and receipt of Right to Sue letters and anything else required to state a claim under applicable law and these federal rules." (Doc. 8, at 3).  When Turner filed an amended complaint that failed to comply with that order, the court gave Turner one more opportunity to comply, and he did not. (Doc. 12).  To the extent, if any, that Turner attempted to assert a claim that was NOT brought pursuant to Title VII, the ADA, the ADEA, and GINA, the court FINDS that such claim is due to be DISMISSED WITHOUT PREJUDICE under Rule 12(b)(6) for failure to state a plausible claim.  *Alternatively*, the court FINDS that such claim is due to be DISMISSED WITHOUT PREJUDICE for failure to prosecute in light of the refusal to comply with court orders dated September 3, 2015 and November 2, 2015.

### IV.  CONCLUSION

For the reasons stated above, the court FINDS that the motion to dismiss is due to be

GRANTED. The court WILL DISMISS WITH PREJUDICE all claims for race discrimination and retaliation based on Turner's April 15, 2014 suspension for not removing a chair from his work area.  The court WILL DISMISS WITHOUT PREJUDICE all remaining claims.

The court will enter a separate order consistent with this Memorandum Opinion.

Dated this 3rd day of December, 2015.

KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE